HENRY BURCHAM v. CHARLES GRIFFETH.

[FILED MAY 6, 1891.]

1. **Sale:** PASSING OF TITLE. In an action for damages to recover for certain fat cattle injured in the breaking down of a bridge the question at issue is the time when the sale and delivery had taken place, and the jury having found, substantially, that they took place when the cattle were sold, weighed, and paid for, *held*, that the verdict conformed to the proof.

2. ———: DAMAGES: INSTRUCTIONS. Where the proof fails to show that the party is entitled to recover damages, a failure of the court to instruct as to the proper measure of damages is not an error for which the case will be reversed.

ERROR to the district court for Lancaster county. Tried below before CHAPMAN, J.

*L. W. Billingsley,* and *W. H. Woodward,* for plaintiff in error.

*Chas. O. Whedon, contra,* cited, contending that it would have been error to give the instruction asked : *Sheldon v. Williams,* 11 Neb., 275; *Runge v. Brown,* 23 Id., 826; *Herron v. Cole Bros.,* 25 Id., 704; *Sloan v. Coburn,* 26 Id., 608 ; *Converse v. Meyer,* 14 Id., 190 ; *Sandwich Mfg. Co. v. Shiley,* 15 Id., 111.

PER CURIAM.

This action was brought by the plaintiff against the defendant to recover the sum of $500 with interest thereon for September 18, 1887.

On the trial of the cause in the court below the jury returned a verdict for the defendant, upon which judgment was rendered.

The testimony tends to show that on the 16th of September, 1887, the defendant sold to the plaintiff ninety-five head of fat steers at $4.30 per hundred pounds, with a shrinkage in weight of three per cent; that the steers were then on the defendant's farm about six miles west of Raymond; that the steers were then weighed and the value thereof computed being the sum of $5,325.35. This sum was paid by the plaintiff to the defendant at Lincoln on the day succeeding the sale (September 17). The sale seems to have been made on Friday and it was understood that the cattle were to be shipped to Omaha in a few days —possibly on the next day after the sale. An arrangement was made, however, as to feeding them until they were shipped. After conferring with the commission men in South Omaha, the plaintiff concluded to have the cattle on that market on Monday morning, the 19th inst.

In order to ship them to that point by Monday morning it was necessary to load them into the cars on Sunday, the. 18th, and the plaintiff and defendant agreed that the cattle were to be driven to Raymond on Sunday, the 18th, and to reach that point about noon. It was also agreed that the defendant and his men were to drive the cattle in and that the plaintiff was to meet them on the road. This arrangement was carried out and the defendant and his men started the cattle on towards Raymond, and when a mile or two from that point, the plaintiff met them, and suggested to the defendant that they drive into Raymond ahead of the stock. This was done. The men in charge of the stock drove it along towards Raymond, and in crossing a bridge over Oak creek about a mile west of Raymond the cattle were frightened by a dog, and thirty or more of them pressed back onto the bridge and broke it down whereby three were maimed and a number of others seriously bruised and injured.

The question presented is, Which of the parties shall sustain the loss?

The clear weight of the testimony shows that the cattle were sold, weighed, paid for, and delivered on the 17th of September, 1887, and had any of the number been lost after that date the plaintiff would have been the party injured.

On the issue made by the pleadings and the proof, the question is one of. fact for the jury, and the verdict seems to be in conformity to the proof. Considerable stress is laid on the failure to instruct as to the proper measure of damages. There can be no error in this until it appears that the plaintiff is entitled to recover some damages. That the proof fails to show in this case. There is no error in the record, and the judgment is

AFFIRMED.

THE other judges concur.